UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA



NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| In the Matter of an Application to<br>Enforce an Administrative Subpoena of the | )<br>DATE STAMP: 12/21/2006 |
| U.S. Commodity Futures Trading Commission<br>1155 21st Street, NW<br>Washington, D.C. 20581, | CASE NUMBER  1:06MS00561<br><br>JUDGE: Gladys Kessler<br><br>DECK TYPE: Miscellanous |
| Applicant, | )<br>) |
| v. | )<br>) |
| David Helm Taylor a.k.a. David Andrew Taylor<br>616 14th St. 4B<br>Denver, CO 80202 | )<br>)<br>)<br>) |
| Respondent. | )<br>)<br>) |

## APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH AN ADMINISTRATIVE SUBPOENA

### JURISDICTION AND VENUE

1.     Applicant, the U.S. Commodity Futures Trading Commission ("Commission") is

an independent federal regulatory agency responsible for administering and enforcing the

provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002).

2.     The Commission brings this action pursuant to Section 6(c) of the Act, 7 U.S.C.

§15, and applies to this Court for an Order to Show Cause, in the form attached, requiring the

respondent David Helm Taylor a.k.a. David Andrew Taylor ("Taylor" or "Respondent") to show

cause why he should not be ordered by this Court to provide documents and testimony as

required by the administrative subpoena *duces tecum /ad testificandum* issued by the

Commission and duly served upon him as part of an on-going investigation being conducted by the Commission.  The Commission also seeks an order requiring compliance with the subpoena.

3.      The investigation is entitled "In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions," and is being conducted by the Commission's Division of Enforcement ("Division").  As part of this omnibus investigation, the Division is investigating Taylor's businesses Aspen Peak Fund, LP, Dawei Capital LLC, and Dawei Management LLC (the "Taylor businesses"), all retail foreign currency hedge funds.  The attorneys and investigators working on the investigation are assigned to the Washington, D.C. office, the Division documents relating to the investigation are stored in the Washington, D.C. office, and the subpoena was issued from, and is returnable to, Washington, D.C.  The subpoena issued on September 28, 2006 by the Commission to Taylor required him to provide documents on October 12, 2006 and to provide testimony on October 19, 2006.  A copy of the subpoena is attached as Exhibit A to the Declaration of Kevin K. Batteh (hereinafter "Batteh Decl.").

4.      Section 6(c) of the Act, 7 U.S.C. § 15, confers jurisdiction upon this Court to enforce the administrative subpoena issued by the Applicant Commission.

### RESPONDENT

5.      Taylor is an individual residing at 616 14th Street. 4B, Denver, Colorado 80202. He is not currently registered with the Commission in any capacity.  Taylor is an owner of the Taylor businesses.

### THE ADMINISTRATIVE SUBPOENA

6.      On January 26, 2001, the Commission issued a formal order of investigation entitled "In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions" (the "Order") pursuant to Sections 6(c) and 8(a)(1) of the Act, 7 U.S.C. §§ 15 and 12(a)(1),

designating Division staff members to subpoena witnesses and compel their attendance, administer oaths and affirmations, take evidence, and require the production of any books, papers, correspondence, memoranda, records and other tangible things relevant or material to an investigation being conducted pursuant to Sections 6(c) and 8(a)(1) of the Act, for the purpose of determining whether, in connection with agreements, contracts or transactions in retail foreign currency futures or commodity options ("forex") with members of the retail public, any person has engaged, is engaging or is about to engage in acts or practices in violation of Sections 4(a), 4b(a) or 4c(b) of the Act, 7 U.S.C. §§ 6(a), 6b(a), 6c(b), and Sections 32.9 or 33.10 of the Regulations, 17 C.F.R. §§ 32.9 and 33.10, or other acts or practices in violation of any other provisions of the Act or of the Regulations. Batteh Decl., Exhibit B. The Order authorizes Division staff to investigate the foreign currency activities of the Taylor businesses as well as similar foreign currency operations. *Id.*

7.    The Commission's Order as amended, pursuant to Section 11.2 of the Commission's Regulations, 17 C.F.R. § 11.2, authorized, among others, Kevin K. Batteh, James H. Holl III and Kara Mucha to issue subpoenas and take testimony. *Id.*

8.    During the course of the investigation, the Division uncovered evidence that the Taylor businesses may be violating, or may have violated, among other things, the antifraud provisions of the Act by soliciting potential customers for retail foreign currency transactions through false and misleading claims. Batteh Decl. ¶4.

2.    9.    On September 28, 2006, pursuant to the Commission's Order, the Division issued a subpoena *duces tecum / ad testificandum* to Taylor requiring his appearance to produce documents on October 12, 2006 and requiring Taylor to give testimony on October 19, 2006. Batteh Decl. ¶6.

10.     On or about September 28, 2006 the Division sent the subpoena to Taylor via Federal Express to 616 14th St. 4B, Denver, Colorado 80202.  Batteh Decl. ¶6.  A typographical error regarding the return date was corrected by letter from the undersigned to Mr. Taylor sent on October 11, 2006. *Id.*

11.     Taylor received the subpoena.  Batteh Decl. ¶7.

12.     Taylor requested and received an extension of time to respond to the subpoena. Batteh Decl ¶7-8 and Exhibit C and D.

13.     The mutually agreed upon extension required Taylor to produce documents on October 26, 2006 and give testimony on November 2, 2006. *Id.*

14.     Taylor did not provide documents to the Division on October 26, 2006.  Batteh Decl. ¶10.

15.     Taylor did not appear at the Commission's headquarters on November 2, 2006. Batteh Decl. ¶10.

16.     On November 3, 2006, Thomas F. Burke, Esq. notified the Commission that he represents Taylor and that Mr. Taylor does not intend to comply with the subpoena.  Applicant Commission sent a reply letter notifying Taylor that the Commission would file a subpoena enforcement action in this Court if Taylor refused to respond to the subpoena. Batteh Decl. ¶ 9 and Exhibits E and F.

17.     The testimony of Taylor is relevant to the Commission's investigation in order to determine whether the Taylor Businesses or any other persons or entities have violated the Act or its Regulations.  Therefore, the Commission seeks to have this Court enforce the subpoena to compel Taylor to appear, produce documents, and testify.

18.    The relief requested herein has not been previously requested of this Court or any other Court or tribunal.

## **RELIEF**

Wherefore, the Commission respectfully requests that this Court:

(1) Enter an Order to Show Cause requiring Taylor to appear before this Court on a date to be fixed to show cause, if any, why he should not be compelled to comply with the subpoena served upon him dated September 28, 2006;

(2) Enter an Order requiring Taylor to appear, testify and produce documents by a date certain; and

(3) Grant such other and further relief as may be just and proper under the circumstances.

Dated: _December 21_ , 2006

By_____

KEVIN K. BATTEH,
DC Bar No.482021
Senior Trial Attorney

JAMES H. HOLL, III,
DC Bar No. 453473
Cheif Trial Attorney

U.S. Commodity Futures Trading
Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418 -5636
Facsimile (202) 418-5538
E-mail: KBatteh@cftc.gov



## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006, a true and accurate copy of the foregoing Application For An Order to Show Cause and An Order Requiring Compliance with an Administrative Subpoena, Memorandum of Points and Authorities In Support, Declaration of Kevin K. Batteh and Exhibits thereto, and Proposed Orders were served via electronic mail and by Federal Express upon the following:

Thomas F. Burke, Esq.
53 West Jackson Boulevard
Suite 1441
Chicago, Illinois 60604
Attorney for Respondent

David Helm Taylor
a.k.a. David Andrew Taylor
616 14th St. 4B
Denver, CO 80202
E-mail: david@dismally.com
Respondent

_____
Kevin K. Batteh

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to ) Enforce an Administrative Subpoena of the ) ) U.S. Commodity Futures Trading Commission ) ) Applicant, ) ) v. ) ) David Helm Taylor a.k.a. David Andrew Taylor ) ) Respondent. ) ) ) | Misc. Action Number: |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER
<u>REQUIRING COMPLIANCE WITH AN ADMINISTRATIVE SUBPOENA</u>**

**I.**

**<u>INTRODUCTION</u>**

Applicant Commodity Futures Trading Commission (the "Commission") submits this
Memorandum of Points and Authorities in support of its Application for an Order to Show Cause
and an Order Requiring Compliance with an Administrative Subpoena *duces tecum / ad
testificandum* issued to David Helm Taylor a.k.a. David Andrew Taylor ("Taylor") on
September 28, 2006.

The Commission's Application was filed to compel compliance with a subpoena that was
duly issued and served upon Taylor in connection with the Commission's investigation entitled
"In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions." Taylor
has failed to appear to produce documents and provide testimony as required by the subpoena.

The Commission requests, therefore, that the Court order Taylor to comply with the

Commission's subpoena.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over an action to enforce a Commission subpoena pursuant to

Section 6(c) of the Commodity Exchange Act, as amended (the "Act"), which states in pertinent

part that:

> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the
> Commission may invoke the aid of any court of the United States within the jurisdiction
> in which the investigation or proceeding is conducted, or where such person resides or
> transacts business, in requiring the attendance and testimony of witnesses and the
> production of books, papers, correspondence, memoranda, and other records.

7 U.S.C. §15 (2002). Since the investigation is being conducted by staff in the Commission's

office in the District of Columbia, where the attorneys and investigators working on the

investigation are assigned and where the records are stored, venue is proper in the District of

Columbia.

## III.

## RESPONDENT

Taylor is an individual residing at 616 14th St. 4B, Denver, Colorado 80202. He is not

currently registered with the Commission in any capacity, though he was previously registered as

an Associated Person of a registered Futures Commission Merchant in 1997, and recently

applied for registration as an Associated Person in connection with an application for registration

of one of Taylor's businesses, Dawei Management LLC. Taylor withdrew his recent registration

application during the course of this investigation. Taylor operates or did operate at least three

hedge funds that pool investor funds for the purported purpose of investing in foreign currency

2

markets. These businesses are Aspen Peak Fund, LP, Dawei Capital LLC and Dawei Management, LLC (collectively, "the Taylor businesses"), none of which are registered with the Commission.

**IV.**

**STATEMENT OF FACTS**

**A.**     **The Conduct Under Investigation**

The Commission is an independent federal regulatory agency created by Congress on October 23, 1974 to administer and enforce the Act, 7 U.S.C. §§ 1 et seq. (2000). Pursuant to this authority, on January 26, 2001, the Commission issued a formal order of investigation entitled "In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions" (the "Order"). A copy of the Order, as amended, is attached as Exhibit B to the Declaration of Kevin K. Batteh in Support of an Application for an Order to Show Cause and Order Requiring Compliance with an Administrative Subpoena, filed concurrently herewith and cited as "Batteh Decl." The Order authorizes designated members of the Division of Enforcement ("Division") to take testimony under oath or affirmation, subpoena witnesses, compel their attendance, and require the production of any records or other intangible things for the purpose of determining whether certain entities or individuals had engaged or were engaging in acts or practices in violation of Sections 4(a), 4b(a) or 4c(b) of the Act, 7 U.S.C. §§ 6(a), 6b(a) and 6c(b) (2000), and Sections 32.9 or 33.10 of the Commission's Regulations (the "Regulations"), 17 C.F.R. §§ 32.9 and 33.10 (2000). The Order authorizes Division staff to investigate the foreign currency activities of the Taylor businesses and similar foreign currency operations.

During the course of the investigation, the Division uncovered evidence that the Taylor businesses may be violating, or may have violated, among other things, the antifraud provisions

3

of the Act and Commission regulations by soliciting potential customers for retail foreign currency transactions through false and misleading claims. Batteh Decl. ¶ 4.

**B.    The Subpoena at Issue**

As part of its ongoing investigation, the Commission issued a subpoena to Taylor requiring his appearance to produce documents and provide testimony. Batteh Decl. ¶ 5. The Division sent the subpoena to Taylor on September 28, 2006 via Federal Express at his home address in Denver, Colorado. *Id.* ¶ 6. The subpoena required Taylor to produce documents to the Commission on October 12, 2006 and to appear at the Commission's Headquarters in Washington, D.C. to provide testimony on October 19, 2006. *Id.* On or about October 12, 2006 Taylor made a written request that his time to respond to the Commission subpoena be extended. *Id.* ¶ 7. Taylor proposed that documents would be produced to the Commission on October 26, 2006 and that he would appear for testimony on November 2, 2006. *Id.* The Commission granted Taylor's request by letter on the same day that Taylor's request was made. *Id.* ¶ 8 and Exhibit C.

**C.    Taylor's Refusal to Comply**

On or about October 31, 2006, after the time to produce documents had expired, Thomas F. Burke, Esq. notified the Commission that he had been retained by Mr. Taylor and requested that the Commission refrain from any subpoena enforcement proceedings so that he could prepare a response to the subpoena. *Id.* ¶ 9. On November 3, 2006 Mr. Burke notified the Commission by letter that he does not believe that his client's activities are within the Commission's jurisdiction and that he does not believe the Commission has jurisdiction to enforce the subpoena. *Id.* Commission staff informed Mr. Burke that the Division would be

recommending that a subpoena enforcement action be filed against his client to obtain compliance with the subpoena. *Id.*

Taylor did not provide documents to the Division on October 26, 2006, as required by the subpoena. *Id.* ¶ 10. In addition, Taylor did not appear at the Commission's headquarters on November 2, 2006. *Id.* Taylor has not given a reason for his failure to appear aside from his counsel's letter stating that he believes the Commission lacks jurisdiction to enforce the subpoena, which as set forth below is not a valid basis for refusing to comply. *Id.*

Taylor has refused to comply with the Subpoena. Accordingly, the Division has no reason to believe that Taylor's testimony will proceed absent this Court's order. Therefore, the Commission has instituted this proceeding to compel compliance with the Commission's administrative subpoena.

## V.

## ARGUMENT

The Commission's authority to conduct investigations and issue subpoenas is a broad "power of inquisition" approximating that of a grand jury, and that authority may be exercised "merely on suspicion that the law is being violated, or even just because [the Commission] wants assurance that it is not." *United States v. Morton Salt Co.,* 338 U.S. 632, 642-43 (1950); *CFTC v. McGraw-Hill*, 390 F.Supp.2d 27, 33 (D.D.C. 2005). An essential component of that power of investigation is the Commission's subpoena power. 7 U.S.C. §§12, 15 (1994). The Commission, through its Divisions, "must be given substantial leeway" to investigate the affairs of those named in the Order (among others) so that it may ascertain whether they have "complied with or run afoul of" the Act or Regulations. *Collins v. CFTC*, 737 F. Supp. 1467, 1485 (N.D. Ill. 1990). This includes the authority to investigate to determine whether the activities under scrutiny are

within the Commission's jurisdiction. *See CFTC v. Tokheim*, 153 F.3d 474, Comm. Fut. L. Rep.
P 27, 377 (7th Cir. 1998).

"An administrative subpoena must be enforced if the information sought 'is within the
authority of the agency, the demand is not too indefinite and the information sought is reasonably
relevant.'" *RTC v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994), quoting *Morton Salt*, 338 U.S. at
652; *see RTC v. Frates*, 61 F.3d 962-964, (D.C. Cir. 1995); *In re Sealed Case (Administrative
Subpoena)*, 42 F.3d 1412, 1415-16 (D.C. Cir. 1994); *EEOC v. C&P Telephone Co.*, 813 F. Supp.
874, 875 (D.D.C. 1993). As outlined below, the subpoena served upon Respondent Taylor
complies fully with those three criteria.

**A.    The Investigation Is Within the Authority of the Agency**

The investigation conducted by the Commission is authorized pursuant to Section 8(a) of
the Act, 7 U.S.C. § 12(a) (1994).  Pursuant to the Order, the Division is investigating whether, in
connection with agreements, contracts or transactions in retail foreign currency futures or
commodity options ("forex") with members of the retail public, the Taylor businesses or any
other person has engaged, is engaging or is about to engage in acts or practices in violation of
Sections 4(a), 4b(a) or 4c(b) of the Act, or §§ 32.9 or 33.10 of the Regulations.  During the
course of the investigation, the Division uncovered evidence that the Taylor businesses may be
violating, or may have violated, these provisions of the Act by soliciting potential customers for
retail foreign currency transactions through potentially false and misleading claims.  Taylor is
listed as the owner of the Taylor businesses in the corporate filings.  The authority to investigate
whether violations have occurred is set forth clearly in Sections 6(c) and 8(a) of the Act,
pursuant to which the order was issued.  In another Commission subpoena enforcement case
decided in this District, Judge Charles R. Richey held that:

6

[t]he purpose of the investigation is authorized by the provision of Section 8(a) of the Act, 7 U.S.C. §12(a), in that the Commission is investigating possible violations of... the Act. The information sought is relevant to the broad purposes of the investigation...[a]nd the Act grants the Commission the authority to subpoena witnesses and to seek judicial enforcement of such subpoenas. 7 U.S.C. §15.

*CFTC v. Harker*, 615 F. Supp. 420, 424 (D.D.C. 1985). Likewise, the Act grants the Commission authority to issue the September 28, 2006 subpoena to Taylor and to seek judicial enforcement of the subpoena. Moreover, the issue of the Commission's jurisdiction over the Taylor businesses' currency trading is irrelevant at this stage in the Commission's investigation. See *CFTC v. Tokheim*, 153 F.3d 474, 477 Comm. Fut. L. Rep. P 27, 377 (7th Cir. 1998) (Defendant's claim that the CFTC lacks jurisdiction over his conduct is insufficient to avoid subpoena enforcement action at the investigatory phase).

**B.    The Commission's Demand for Testimony and Documents Was Not Indefinite**

There was nothing indefinite or ambiguous about the subpoena served upon Taylor. The subpoena *duces tecum/ ad testificandum* called for Respondent Taylor to appear at a designated time, at a specific location, to provide investigative testimony and produce documents which were clearly categorized. *See* Batteh Decl., Exhibit A.

**C.    The Testimony Sought is Relevant to the Investigation**

The testimony and the production of documents by Taylor are relevant to the Division's investigation of possible violations committed by the Taylor businesses and their employees, among others. The standard for determining relevancy of an administrative subpoena in an investigatory proceeding "is more relaxed than in an adjudicatory one.... The requested material, therefore, need only be relevant to the *investigation--* the boundary of which may be defined quite generally...." *RTC v. Walde*, 18 F.3d at 947 (quoting *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992) *cert. denied* 507 U.S. 910 (1993) (emphasis in

7

original, citations omitted)).  A federal "agency's own appraisal of relevancy must be accepted

so long as it is not 'obviously wrong.'"  *Invention Submission Corp.*, 965 F.2d at 1089, *accord*

*RTC v. Burke*, 869 F. Supp. 15, 17 (D.D.C. 1994); *RTC v. Silveous*, 812 F. Supp. 244, 245

(D.D.C. 1993).

Taylor is a relevant witness in this investigation.  The acts or practices the Commission is

investigating pertain to whether any person has engaged in conduct in violation of the Act in

connection with contracts or transactions in retail foreign currency futures or commodity options.

Taylor is the owner of the Taylor businesses.  The extent of his knowledge of, observations of,

and involvement in the Taylor businesses will assist the Commission in determining whether any

violations of the Act and Regulations have occurred.  Accordingly, the testimony of Taylor is

more than "reasonably relevant" to the Commission's investigation.  *Linde Thompson*

*Langworthy Kohn & Van Dyke, P.C. v. RTC*, 5 F.3d 1508, 1516-17 (D.C. Cir. 1993) (affirming

enforcement of a subpoena *duces tecum*).[1]  Likewise, the documents requested in the subpoena

are directly relevant to the investigation and will assist the Commission in determining the nature

of the business conducted by the Taylor businesses and whether any violations of the Act and

Regulations have occurred.

**D.      Service Upon the Respondent Was Proper**

According to Section 11.4(c)(1) of the Regulations, 17 C.F.R. § 11.4(c)(1), service of a

Commission subpoena on a natural person may be effected by various methods, including "any

. . . method whereby actual notice is given to him."  Service is not an issue in this action because

Taylor received actual notice of the subpoena, via Federal Express delivery, as evidenced by the

---

[1]      In this Circuit, moreover, Taylor has the burden of showing that the information sought by the
administrative subpoena is not relevant. *In Re Sealed Case (Administrative Subpoena)*, 42 F.3d at 1419;
*Walde*, 18 F.3d at 948 (quoting *Invention Submission Corp.*, 965 F.2d at 1090).  Taylor cannot meet that
burden.





fact that he requested and was granted an extension of time to answer the subpoena. *See* Exhibit

C attached to Batteh Decl.

## VI.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should issue an order to show cause requiring

Taylor to appear and to demonstrate why an order should not be entered compelling him to

comply fully with the administrative subpoena *duces tecum / ad testificandum* dated September

28, 2006 issued to him by the Division.  Should no good cause be shown, this Court should order

Taylor to comply in all respects with the subpoena of the Commission.

Dated: 12/21/06

By _____

KEVIN K. BATTEH,
DC Bar No.482021
Senior Trial Attorney

JAMES H. HOLL, III,
DC Bar No. 453473
Chief Trial Attorney

U.S. Commodity Futures Trading
Commission
1155 21st St. N.W.
Washington, D.C. 20581
Telephone (202) 418 -5636
Facsimile (202) 418-5538
E-mail: KBatteh@cftc.gov

## DECLARATION OF KEVIN BATTEH

I, Kevin K. Batteh, hereby declare:

1.    The facts declared below are known to me through personal knowledge.  If called as a witness I could and would competently testify thereto.

2.    I am a senior trial attorney in the Division of Enforcement (the "Division") of the Commodity Futures Trading Commission (the "Commission").

3.    During the course of an investigation, the Division learned that Taylor operates or operated at least three hedge funds that pool investor funds for the purpose of investing in foreign currency markets.  These businesses are Aspen Peak Fund, LP, Dawei Capital LLC and Dawei Management, LLC (collectively, "the Taylor businesses").

4.    During the course of the investigation, the Division uncovered evidence that the Taylor businesses may be violating, or may have violated, among other things, the antifraud provisions of the Act by soliciting potential customers for retail foreign currency transactions through false and misleading claims.

5.    On or about September 28, 2006 a Commission subpoena was issued pursuant to a Commission issued formal order of investigation entitled "In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions."  A copy of the September 28, 2006 subpoena is attached hereto as Exhibit A.  A copy of the Commission order, as amended, is attached hereto as Exhibit B.

6.    The subpoena was sent to Taylor on September 28, 2006 via Federal Express at his home address of 616 14th Street 4B Denver, Colorado.  The subpoena required Taylor to produce documents to the Commission on October 12, 2006 and to appear at the Commission's Headquarters in Washington, D.C. to provide testimony on October 19, 2006.  A typographical

error regarding the return date was corrected by letter from the undersigned to Mr. Taylor sent on October 11, 2006.

7.     Taylor received the subpoena and on or about October 12, 2006 Taylor made a written request that his time to respond to the Commission subpoena be extended.  Taylor proposed that documents would be produced to the Commission on October 26, 2006 and that he would appear for testimony on November 2, 2006.  A copy of Taylor's letter request is attached hereto as Exhibit C.

8.     The Commission granted Taylor's request by letter on the same day that Taylor's request was made.  A copy of the Commission's letter is attached hereto as Exhibit D.

9.     On or about October 31, 2006, after the time to produce documents had expired, Thomas F. Burke, Esq. notified the Commission that he had been retained by Mr. Taylor and requested that the Commission refrain from any subpoena enforcement proceedings so that he could prepare a response to the subpoena.  On November 3, 2006 Mr. Burke notified the Commission by letter that he does not believe that his client's activities are within the Commission's jurisdiction and that he does not believe the Commission has jurisdiction to enforce the subpoena.  A copy of Mr. Burke's letter is attached hereto as Exhibit E.  After receiving Mr. Burke's letter, the Commission informed Mr. Taylor by voicemail, telephone conference, and letter that his client's failure to comply with the subpoena would result in a subpoena enforcement action.  A copy of the Commission letter reply is attached as Exhibit F.

10.     Taylor did not provide documents to the Division on October 26, 2006, as required by the subpoena.  In addition, Taylor did not appear at the Commission's headquarters on November 2, 2006. Taylor has not given a reason for his failure to appear aside from his

counsel's letter stating that he believes the Commission lacks jurisdiction to enforce the

subpoena.  Taylor has not complied with the subpoena to date.


I declare under the penalty of perjury that the foregoing is true and correct.

Executed the 6th Day of December 2006.

_____

Kevin K. Batteh

FILED

DEC 2 1 2006

Exhibit A
Taylor Subpoena

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523
*www.cftc.gov*

Division of
Enforcement

September 28, 2006

**<u>VIA FEDERAL EXPRESS</u>**
**<u>AIRBILL # 858255426905</u>**
David Andrew Taylor
616 14th St. 4B
Denver, CO 80202

Re:      Subpoena Duces Tecum / Ad Testificandum

Dear Mr. Taylor:

Enclosed please find a Subpoena of the Commodity Futures Trading Commission
("Commission") directed to you pursuant to a Commission Order issued under Sections 6(c) and
8(a) of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 15 and 12(a) (2001).

Please note that the subpoena requires you to produce the requested documents to the
Commission on or before 5:00 p.m. on October 12, 2006. You are also required to appear at the
offices of the Commission on October 19, 2006 at 10:00 a.m. You may contact me subsequent
to your document production to discuss your appearance. If the documents produced sufficiently
satisfy the Commission inquiry, your presence before the Commission may be excused.

I also have enclosed notices explaining certain rights and obligations of witnesses and routine
uses of information submitted to the Commission. Should you have any questions, please do not
hesitate to call me.

Sincerely,

Kevin K. Batteh
Trial Attorney
Division of Enforcement

Enclosures



*United States of America*
**COMMODITY FUTURES TRADING COMMISSION**
*Three Lafayette Centre*
*1155 Twenty-first Street, N.W.*
*Washington, D.C. 20581*

# SUBPOENA
### Duces Tecum/Ad Testificandum

**VIA FEDEX**
**AIRBILL # 858255426905**
David Andrew Taylor
616 14th St. 4B
Denver, CO 80202

**YOU ARE HEREBY COMMANDED** to appear before certain designated officers of the Commodity Futures Trading Commission ("Commission"), at Three Lafayette Centre, 1155 Twenty-first Street N.W., Washington, D.C. 20581, at 10:00 a.m. on the 19th day of October 2006, to testify in the matter of:

Certain Persons Engaging in Retail Foreign Currency Transactions

**YOU ARE FURTHER COMMANDED** to produce to the Commission, all books, papers, documents, and other tangible things specified in the attached Schedule A at or before 5:00 p.m. on the 12th day of September 2006. Please provide the required documents by **MAIL SERVICE OTHER THAN THE U.S. POSTAL SERVICE (as there are still mail delays to U.S. Government Agencies receiving mail from the USPS), OR in electronic form** to the Washington, D.C. offices of the Commission. Those materials are to be produced to Kevin Batteh at the Commission's headquarters, Suite 7000, Three Lafayette Centre, 1155 Twenty-first Street, N.W., Washington, D.C. 20581.

> **FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESULT IN THE COMMENCEMENT OF A LEGAL ACTION IN THE UNITED STATES DISTRICT COURT TO COMPEL COMPLIANCE WITH THE REQUIREMENTS HEREOF.**

Issued September 28, 2006 at Washington, D.C. by:

Kevin K. Batteh, Trial Attorney

*Subpoena to David Andrew Taylor*
*September 28, 2006*

## SCHEDULE A

### DOCUMENTS AND THINGS TO BE PRODUCED BY
### DAVID ANDREW TAYLOR
### PURSUANT TO SEPTEMBER 28, 2006 *SUBPOENA DUCES TECUM*

*(In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions)*

## PRELIMINARY NOTE

THIS *SUBPOENA* SHOULD BE CONSTRUED BROADLY. IF YOU HAVE QUESTIONS ABOUT THE *SUBPOENA'S* SCOPE OR TERMS, YOU (OR YOUR ATTORNEY, IF YOU HAVE ONE) SHOULD CONTACT KEVIN BATTEH AT (202) 418-5636 OR KARA MUCHA AT (202) 418-5397 TO RESOLVE QUESTIONS. SUCH CONSULTATION IS STRONGLY ENCOURAGED TO REDUCE CONFUSION, MISUNDERSTANDING, AND THE CONSEQUENT EXPENSE THAT CAN RESULT.

## DEFINITIONS AND INSTRUCTIONS

THE FOLLOWING DEFINITIONS AND INSTRUCTIONS ARE EXPRESSLY INCORPORATED INTO EACH SPECIFIC DEMAND FOR PRODUCTION AS IF FULLY STATED THEREIN:

A.  David Taylor. "David Taylor" shall refer to David Andrew Taylor and/or David Helm Taylor, located at 616 14th Street 4B Denver, CO 80202.

B.  Aspen Peak Fund. "Aspen Peak Fund" or "www.aspenpeakfund.com" shall refer to the hedge fund operated by David Taylor known as Aspen Peak Fund LP and all predecessors, successors, subsidiaries, affiliates, divisions or related corporations, partnerships, proprietorships, associations, and organizations, and its officers, directors, employees, partners, consultants, agents, representatives, accountants, and any entities or individuals doing business as Aspen Peak Fund.

C.  Dawei Capital. "Dawei Capital" or "Dawei Capital LLC" shall refer to the hedge fund operated by David Taylor known as Dawei Capital and all predecessors, successors, subsidiaries, affiliates, divisions or related corporations, partnerships, proprietorships, associations, and organizations, and its officers, directors, employees, partners, consultants, agents, representatives, accountants, and any entities or individuals doing business as Dawei Capital.

D.  Dawei Management  "Dawei Management" or "Dawei Management LLC" shall refer to the hedge fund operated by David Taylor known as Dawei Management and all predecessors, successors, subsidiaries, affiliates, divisions or related corporations, partnerships, proprietorships, associations, and organizations, and its

officers, directors, employees, partners, consultants, agents, representatives, accountants, and any entities or individuals doing business as Dawei Management.

E.    <u>You</u>. The terms "you" and "your" refer to David Taylor.

F.    <u>Your Businesses.</u> "Your Businesses" refers to you and any business owned, operated, managed or controlled by you which relates to any investment activity including but not limited investment in any commodity future, commodity option, stock, stock option, equity, and foreign currency. "Your Businesses" shall include but is not limited to Aspen Peak Fund, Dawei Capital and/or Dawie Management.

G.    <u>Commission</u>. The term "Commission" refers to the United States Commodity Futures Trading Commission.

H.    <u>Scope</u>. Unless otherwise stated, this *Subpoena* pertains to the time period of November 2002 through the present.

I.    <u>Communication</u>. The term "communication" refers to all manners of transmitting or receiving information, opinions, or thoughts, orally, in writing, in person, telephonically, electronically or otherwise.

J.    <u>Concerning</u>. The term "concerning" means referring to, describing, evidencing, or constituting.

K.    <u>Document</u>. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this request for production of documents and things, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The terms "document" or "documents" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, bills, invoices, canceled checks, credit card statements, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, Internet Web sites, e-mails, and all drafts,

alterations, modifications, changes and amendments of any of the foregoing. The terms "document" or "documents" also include all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. The terms "document" or "documents" also refer to each and every document in the actual or constructive possession of the Witness, including but not limited to:  (i) all documents within the custody or control of the Witness or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents which the Witness has a legal or equitable right to obtain from another person.  A draft or non-identical copy is a separate document within the meaning of this term.

L.    Person.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

M.    Identification or Identify.  The terms "identification" or "identify", when used with respect to a person, mean any and all documents that provide evidence of the identity of a person, including but not limited to name, home address, business address, home telephone number, business telephone number, cellular or facsimile number, and any other biographical or locational information.  The terms "identification" or "identify", when used with respect to an entity, mean any and all documents that provide evidence of the identity of the entity, including but not limited to name, home address, business address, home telephone number, business formation, and tax identification number(s).  Such identification should include, but not be limited to, all contracts entered into by or on behalf of the entity, all correspondence to or from the entity or its agents or employees, articles of incorporation, minutes from the Board of Directors or owner meetings, and identification of the entity's registered agents and officers.

N.    Possession.  The term "possession" denotes actual or constructive possession.  For example, a document is in your possession if it is within your custody or control, if you have a legal or equitable right to obtain such document from another person, or if it is in your possession or in the possession of any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate of yours.

O.    And/Or.  The terms "and" and "or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions.  The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

P.    Singular/plural. References to the singular shall include the plural, and references
      to the plural shall include the singular

Q.    Refer. "Refer" means to discuss, report on, review, consider, evaluate, or explain
      by direct mention of the subject matter of the request.

R.    Relate. "Relate" means to comprise, explicitly or implicitly, refer to, pertain to,
      be reviewed in conjunction with, or be generated as a result of the subject matter
      of the request, or to reflect, record, memorialize, discuss, evaluate, consider,
      review or report on the subject matter of the request.

S.    Privilege. If any documents responsive to any of the subsection of Section II will
      not be produced on the basis of a claim of privilege, or for any other reason,
      please set forth the following information concerning each document:

      1.    the type of document;
      2.    the date of the document;
      3.    the person who prepared or wrote the document;
      4.    a description of the document's subject matter and physical size;
      5.    all addresses of recipient(s) of the original or copy thereof, together with
            the date or approximate date;
      6.    all other persons to whom the contents of the document have been
            disclosed, the date of such disclosure, and the means of such disclosure;
            and
      7.    the nature of the privilege or the rule of law relied upon, or other reason for
            non-production.

T.    Production of Documents. Documents shall be produced as they are kept in the
      usual course of business. Documents shall be organized and labeled with Bates
      Numbers or some other form of numeric indexing that correspond to the requests
      in Section III.

U.    Production of Documents in Electronic Format. If possible, please produce the
      subpoenaed materials on computer disk (in Word or HTML format) in addition to
      providing hard copies. In addition, if the documents called for in the *Subpoena* are
      maintained in the Witness' or its Internet Service Provider's computer system in a
      format other than Word or HTML, please produce a computer disk containing the
      requested materials and a statement describing the disk's format.

V.    Non-Production: Destruction. If you decline to produce a document because you
      believe that the document has been destroyed, provide the following information for
      this document:

1.    the type, title, date and author or preparer of the document;
2.    a description of the document's subject matter and physical size;
3.    the address of each recipient of the original or a copy of the document, together with the date or approximate date which each recipient received the document;
4.    all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;
5.    the date the document was destroyed; and
6.    the person who ordered or authorized such destruction.

W.    Duty to Supplement.  The obligations created by this *Subpoena* are continuing, and you shall supplement your production if you locate additional responsive information in your possession.   You shall produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this *Subpoena*.

X.    CFTC Attorney Contacts.  If you have any questions regarding terms used in this *Subpoena*, the scope of this *Subpoena* or the production of a particular material you may contact, or have your attorney contact, the CFTC Division of Enforcement Attorney Kevin K. Batteh at (202) 418-5636.

Y.    Amendment of *Subpoena*.  No agreement by the Division of Enforcement of the Commission or any of its representatives purporting to modify, limit or otherwise vary this *Subpoena* shall be valid and binding unless confirmed or acknowledged in writing (or made of record in court) by a duly authorized representative.

**DOCUMENTS TO BE PRODUCED**
**BY DAVID TAYLOR**
**PURSUANT TO SUBPOENA**

Copies of all documents in your possession or control, including, relating to, referring to,

or concerning:

1.     Identification of all current and former customers of your businesses, including name, address, telephone number, email address, and account status (whether open or closed).

2.     All account documents for all current and former customers of your businesses, including account opening documents, account statements and compensation and/or profit sharing agreements or other contracts or agreements between your businesses and the customers of your businesses.

3.     Identification of all futures commission merchants ("FCMs") where accounts are or were maintained for or on behalf of you or any customers of your businesses.

4.     Identification of all FCM accounts into which funds of your businesses or any of the customers of your businesses were deposited, including for each the name on the account and the account number.

5.     All account statements for all FCM accounts into which funds of you or your businesses or any of the customers of your businesses were deposited.

6.     Identification of all other accounts into which funds of you, your businesses or any of the customers of your businesses were deposited, including for each the name and address of the financial institution, the name on the account and the account number.

7.     All account statements for any financial accounts into which the funds of you, your businesses or the customers of your businesses were deposited.

8.     All documentation supporting the returns which appear on the account statements of the customers of our businesses.

9.     Identification of all of your businesses.

10.     Identification of all current and former employees of your businesses.

11.     The following documents relating to your finances:

*Subpoena to David Andrew Taylor*
*September 28, 2006*
*Schedule A*
7

    a.  All documents recording commissions paid to you or your businesses by any entity;

    b.  All documents relating to funds transferred, received, lent, or borrowed, to or from you or your businesses;

12.    The following documents for the customers of your businesses:

    a.  Monthly account statements for all commodity future, commodity option, stock, stock option, equity, and foreign currency accounts, whether traded or held by you or your businesses for the benefit of you, your businesses or the customers of your businesses;

    b.  Opening account documents for all commodity future, commodity option, stock, stock option, equity, and foreign currency accounts, whether traded or held by you or your businesses for the benefit of you, your businesses or the customers of your businesses;

    c.  Documents relating to any power of attorney or trading authorization documents for all commodity future, commodity option, stock, stock option, equity, and foreign currency accounts, whether traded or held by you or your businesses for the benefit of you, your businesses or the customers of your businesses;

    d.  Correspondence, including but not limited to email, relating to all commodity future, commodity option, stock, stock option, equity, and foreign currency accounts, whether traded or held by you or your businesses for the benefit of you, your businesses or the customers of your businesses;

    e.  Internal memoranda relating to all commodity future, commodity option, stock, stock option, equity, and foreign currency accounts, whether traded or held by you or your businesses for the benefit of you, your businesses or the customers of your businesses;

    f.  All documents  relating to customer complaints including, but not limited to, customer complaint logs, correspondence, e-mails, and memoranda; and

    g.  All letters, releases, or other documents reflecting the formal or informal settlement or resolution of any customer grievance or complaint.

13.    All materials used in connection with the solicitation or retention of customers or prospective customers, including:

a.  All documents concerning selling techniques or presentations;

b.  All electronic materials, including emails and websites;

c.  All promotional materials and advertisements, including radio, television, and any advertisements generated for use on the Internet, prepared by you, and/or your employees, agents, and/or affiliates, including statements attributed to your customers;

d.  All scripts used in connection with the solicitation of customers or prospective customers;

e.  All reports or manuals issued to customers and prospective customers;

f.  All disclosure materials distributed by you to customers or prospective customers;

g.  All pattern questions, or lists of questions, to be asked of customers and prospective customers;

h.  All internal memoranda concerning the solicitation of customers and prospective customers;

i.  All lead or prospect sheets, and the source of such leads;

j.  All documents that refer to the payment for any advertisement;

k.  All documents used to develop the information, promotional materials, correspondence and other documents provided to prospective clients pertaining to services offered by you; and

14.    All documents indicating the performance and/or success rate of all commodity trading accounts solicited and handled by you.

*Subpoena to David Andrew Taylor*
*September 28, 2006*
*Schedule A*
9

CFTC Form 10 (6-83)

## RETURN ON SERVICE

**In the case of a natural person:**

[ ]    handing it to the person named herein.

[ ]    leaving it at the person's office with the person in charge, namely:

[ ]    leaving it at the person's office in a conspicuous place, to wit:

[ ]    leaving it at the person's usual place of abode, namely:

[]    mailing by certified or registered mail to the following address:

[X]    another method by which actual notice is given, to wit:

FEDEX   AIRBILL # 858255426905 sent to the following address
David Andrew Taylor
616 14th St. 4B
Denver, CO 80202

**In the case of service upon other than a natural person:**

[ ]    handing it to a registered agent for service or other officer, director or agent in charge of such office, namely        (name & title)

*Subpoena to David Andrew Taylor*
*September 28, 2006*
*Schedule A*
10

[ ]    mailing by certified or registered mail to such agent or
       representative, namely (name, title & address):


   I declare under penalty of perjury under the laws
of the United States of America that the foregoing is
true and correct and that I served this subpoena in
accordance with the method noted above.


_Sept 28, 2006_                _[signature]_
_____                 _____
    DATE                          SIGNATURE


*Subpoena to David Andrew Taylor*
*September 28, 2006*
*Schedule A*
11

## COMMODITY FUTURES TRADING COMMISSION
### Washington, D.C. 20581

### Statement to Persons Directed to Provide Information Pursuant to
### A Commission Subpoena or Requested to Provide Information Voluntarily

This document sets forth your legal rights and responsibilities as a person requested to supply information voluntarily or directed to provide sworn testimony or produce documents pursuant to a subpoena of the Commodity Futures Trading Commission. This statement also provides important information about the deposition process for persons providing testimony. Unless stated otherwise, the information below applies whether you are providing information voluntarily or pursuant to subpoena.

### FALSE STATEMENTS AND DOCUMENTS

Any person who knowingly and willfully makes false or fraudulent statements, whether under oath or otherwise, or who falsifies, conceals or covers up a material fact, or submits any false writing or document, knowing it to contain false, fictitious or fraudulent information, is subject to the criminal penalties set forth in 18 U.S.C. § 1001 which include imprisonment of not more than five years, imposition of a substantial fine under the Federal Sentencing Guidelines, or both.

### PRIVACY ACT

To restrict unauthorized dissemination of personal information, the Privacy Act of 1974, 5 U.S.C. § 552a, limits an agency's ability to disclose such information.[1] Under the Privacy Act, the Commission may disclose protected information as follows: when the individual to whom the record pertains consents in writing; when officers and employees of the Commission need the record to perform their duties; when required by the terms of the Freedom of Information Act, 5 U.S.C. § 552; or when disclosure is for a "routine use" (i.e., one compatible with the purpose for which the information was collected).

The Privacy Act also requires that individuals requested to provide information receive notice of the following:

1. **AUTHORITY FOR SOLICITATION OF INFORMATION.** Sections 6(c) and 8(a) of the Commodity Exchange Act, 7 U.S.C. §§ 15, 12(a), and Commission Rule 11.2, 17 C.F.R. § 11.2, authorize the Commission to conduct investigations. In the course of any investigation or proceeding, the Commission or an officer designated by the Commission

---

[1] Individuals should refer to the full text of the Privacy Act, 5 U.S.C. § 552a(b), and to the Commission's Rules, 17 C.F.R. 146, for a complete list of authorized disclosures and coverage of the act. Only those disclosures arising most frequently are mentioned in this document.

9/28/2006

may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, require production of documents, and secure voluntary statements or submissions.

2.    **PURPOSE OF SOLICITATION OF INFORMATION.** The Commission's principal purpose in soliciting information from you is to determine whether any person has violated, is violating, or is about to violate the Commodity Exchange Act or the rules and regulations thereunder. In certain circumstances, the Commission may be obtaining information at the behest of a foreign futures authority under § 12(f) of the Commodity Exchange Act, 7 U.S.C. § 16(f).

3.    **EFFECT OF NOT SUPPLYING INFORMATION.**

    a.    **Persons Directed to Provide Testimony or Produce Documents Pursuant to Subpoena.** Disclosure of information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have. If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If the Commission obtains such an order and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt.

    b.    **Persons Requested to Provide Information Voluntarily.** There are no direct effects or sanctions for failing to provide any or all of the requested information. If you do provide information, however, you should note the sanctions for false statements and documents described above.

4.    **ROUTINE USES OF INFORMATION.** Information which you provide may be used in the routine operation of the Commission, which includes law enforcement, review of legislative and regulatory proposals, regulation of the commodity futures markets, and review of reports and documents filed with the Commission.

Specific routine uses include the following:[2]

    a.    Use in administrative proceedings before the Commission, injunctive actions authorized under the Commodity Exchange Act, or in any other action or proceeding in which the Commission or any member of the Commission or its staff participates as a party, or the Commission participates as amicus curiae;

    b.    Providing information in response to a subpoena issued in a proceeding to which the Commission is not a party;

    c.    Providing information to the Justice Department, the Securities and Exchange Commission, the United States Postal Service, the Internal Revenue Service, the

---

[2] See CFTC General Statement of Routine Uses, Privacy Act Issuances, 1991 Comp., Vol. IV., pp. 144-145.

Department of Agriculture, the Office of Personnel Management, and other federal, state or local law enforcement or regulatory agencies for use in meeting such agencies' responsibilities under the law;

d.     Making information available to a Member of Congress acting in his or her capacity as a Member of Congress;

e.     Providing information to any board of trade designated as a contract market by the Commission or to any futures association registered with the Commission if the Commission has reason to believe disclosure will assist such entity in carrying out its responsibilities under the Commodity Exchange Act;

f.     Providing information to any national securities exchange or national securities association registered with the Securities and Exchange Commission, to assist those organizations in carrying out their self-regulatory responsibilities under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.;

g.     At the discretion of the Commission staff, giving or showing the information to anyone during the course of a Commission investigation when the staff has reason to believe that the person to whom it is disclosed may have further information about the matters discussed therein, and those matters appear relevant to the subject of the investigation;

h.     Including information in a public report issued by the Commission following an investigation to the extent that such use is authorized under Section 8 of the Commodity Exchange Act, 7 U.S.C. § 12;[3]

i.     Disclosure to a federal agency in response to a request concerning the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the award of a contract, or the issuance of a license, grant or other benefit by the requesting agency, to the extent the information is believed to be relevant to the requesting agency's decision on the matter;

j.     Disclosure to a prospective employer in response to a request relating to the hiring or retention of an employee, to the extent the information is believed to be relevant to the prospective employer's decision on the matter; and

k.     Disclosure to any person with whom the Commission is cooperating pursuant to Section 12(a) of the Commodity Exchange Act, 7 U.S.C. § 16(a), including "any department or agency of the Government, any state, territory, district, or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political

---

[3] Section 8 authorizes publication of certain reports, but contains restrictions on the publication of certain types of sensitive business information developed in an investigation. In certain contexts, such information might be deemed personal in nature.

subdivision thereof, or any person," when disclosure will further the policies of that Act or of other provisions of law.

### FREEDOM OF INFORMATION ACT

The Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") and the Commission's rules pursuant thereto, 17 C.F.R. Part 145, generally provide for disclosure of information to the public, unless information falls within a specified exemption. Commission Rule 145.9, 17 C.F.R. § 145.9, establishes the procedure by which you may request that certain sensitive information not be disclosed pursuant to a FOIA request.

### TESTIMONY

The following information applies to individuals providing sworn testimony:

1.   **RECORD.** Your testimony will be transcribed by a reporter. If at any time you wish to go off the record, please inform the Commission representative taking your testimony, and that representative will decide whether to grant your request. The reporter will go off the record only at the request of the Commission representative, and not at the direction of you or your counsel. The Commission representative may summarize all off-the-record discussions when you go back on the record.

2.   **COUNSEL.** You may be accompanied, represented, and advised by counsel. He or she must be an attorney-at-law admitted to practice before the highest court in any state or territory or the District of Columbia, who has not been suspended or disbarred from appearance and practice before the Commission. Your counsel may be present and may advise you before, during, and after your testimony.[4]

Counsel may also question you briefly at the conclusion of your testimony to clarify any answers, and may make summary notes during your testimony. You may consult with your counsel at any time during the proceedings. If you want to consult privately with counsel, inform the Commission representative taking your testimony and necessary arrangements will be made.

If you are not accompanied by counsel and decide at any time during the proceeding that you wish to be accompanied, represented, or advised by counsel, please so advise the Commission representative taking your testimony. The proceeding will then be adjourned to afford you the opportunity to make necessary arrangements.

---

[4] No one other than your attorney and persons providing assistance to your attorney necessary to ensure representation of counsel are entitled to accompany, represent or advise you at the proceeding.

The Commission may for good cause exclude a particular attorney from further participation in any investigation in which the Commission has found the attorney to have engaged in dilatory, obstructionist, or contumacious conduct.

3.      **PERJURY.**  Any person making false statements under oath during a Commission investigation is subject to the criminal penalties for perjury in 18 U.S.C. § 1621, which provides, in relevant part, that:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, . . . willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true . . . is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under [title 18] or imprisoned not more than five years, or both.

4.      **TRANSCRIPT AVAILABILITY.**  Under Commission Rule 11.7(b), 17 C.F.R. § 11.7(b), any person compelled to submit testimony in the course of an investigatory proceeding is entitled, upon payment of appropriate fees, to procure a copy or transcript of his or her testimony.  For good cause, however, a witness may be limited to review of the official copy of his or testimony.  The rights provided by this rule also apply to individuals testifying voluntarily.

To request written authorization to purchase a copy of the transcript of your testimony, send a written request to the Commission representative taking your testimony.  Whether or not you wish to purchase a copy of the transcript, a copy will be available for your review at the Commission office most convenient to you.  To arrange for such review, contact the Commission representative taking your testimony.

5.      **FIFTH AMENDMENT.**  Information you provide may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.  In accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, you may refuse to provide information that may tend to incriminate you or otherwise subject you to a fine, penalty, or forfeiture, by invoking the Fifth Amendment.  An adverse inference may be drawn in a civil or administrative proceeding from your refusal to testify.

6.      **FAILING TO ANSWER QUESTIONS.**

    a.      **Testimony Pursuant to Subpoena.**  If testifying pursuant to a subpoena, your disclosure of information to the Commission is mandatory, subject to any legal right or privilege you may have.  If you fail to provide requested information, the Commission may seek a court order requiring you to do so.  If such an order is obtained, you may be subject to civil and/or criminal sanctions for contempt of court for any continued failure to supply the information.

5

b.      **Voluntary Testimony.** If your testimony is not pursuant to a subpoena, your appearance to testify is voluntary. Accordingly, you may leave the proceeding at any time, and you are not required to answer questions. There are no direct sanctions or effects for failing to supply all or part of the information requested by the Commission. If you do provide information, however, you should note the sanctions for false statements and documents described above.

7.      **FORMAL ORDER AVAILABILITY.** If the Commission has issued a formal order of investigation, Commission Rule 11.7(a), 17 C.F.R. § 11.7(a) allows you to examine it at your request during your testimony. To obtain a copy of the formal order, however, you must submit a written request to the Commission representative taking your testimony and demonstrate that your retention of a copy of the formal order "would be consistent both with the protection of privacy of persons involved in the investigation and with the unimpeded conduct of the investigation." Commission Rule 11.7(a), 17 C.F.R. § 11.7(a).

8.      **ALLOWABLE FEES AND EXPENSES.** If you were subpoenaed to testify or produce documents, you are entitled, pursuant to Commission Rule 11.4(d), 17 C.F.R. § 11.4(d), as set forth below, to the same prevailing fees and mileage paid to witnesses in federal court.[5]

a.      **Attendance Fees.** You are entitled to the prevailing federal witness fee for each day's attendance, including time needed to travel to and from the location of the proceeding.

b.      **Common Carrier Transportation.** If traveling by common carrier, you will be paid the actual expenses of transportation between your residence and the location of the proceeding, using the shortest practical route and the most economical rate reasonably available. To ensure the lowest rate, contact the Administrative Officer, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, for a prepaid travel ticket. Receipts must be submitted with all claims for transportation expenses. If you were supplied with a government-paid airline or train ticket, attach the receipt and/or stub to your claim.

c.      **Rental Cars.** Reimbursement for the use of a rental car cannot be made unless authorized in advance by the Commission on a signed travel order. The Commission must determine whether use of a rental car is cost beneficial to the government.

---

[5] The exact amount of the prevailing attendance fee, mileage allowance, and subsistence allowance for federal witnesses is published at 28 U.S.C. § 1821.

d.   **Travel by Privately Owned Vehicle (POV).**  If traveling by POV, you are entitled to a mileage allowance based on a uniform table of distances at a rate established by the General Services Administration and published at 28 U.S.C. § 1821(c)(2).  Travel by POV must be approved in writing by Commission staff as advantageous to the government.

e.   **Miscellaneous Travel Expenses.**  You are entitled to reimbursement for the following charges:  toll charges on roads, bridges, tunnels and ferries; necessary taxicab fares between places of lodging and carrier terminals; and parking fees. You are not entitled to reimbursement for telephone expenses.  Receipts must be submitted to obtain reimbursement for all permitted expenses.

f.   **Subsistence Expenses.**  You are entitled to reimbursement for subsistence expenses when the distance between the place of attendance and your residence precludes daily return travel.  Subsistence allowances for witnesses are calculated and paid in the same manner as those paid to federal employees.  For information concerning the maximum daily allowance for reimbursement in your area, contact the Administrative Officer, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.  Receipts must be submitted for lodging expenses and all individual expenditures.

g.   **Reimbursement.**  To receive reimbursement for allowable witness fees and expenses, you must complete and return a reimbursement claim form to the Commission **within 60 days** of the date of your appearance.  The claim must include the departure time from your residence and the time you returned to your residence after presenting testimony.  **In order to receive reimbursement, all receipts specified above must be submitted with the claim.**  To obtain a reimbursement claim form, contact the Commission representative taking your testimony.

If you do **not** want to receive any reimbursement for fees and expenses, please: (1) print your name in Part I of the reimbursement claim (address is not necessary); (2) complete Part II, Line 7 with "0"; (3) sign and date Line 9; and (4) return claim.  If you received a government-paid airline or train ticket, please attach the receipt or stub to the claim.

h.   **Travel Order.**  In order to ensure that you will be reimbursed for your expenses, it is in your best interest to secure a signed copy of the travel order from the Administrative Officer, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, prior to testifying, if feasible.  The travel order specifies all expenses which have been authorized, including, for example, travel by POV or rental car.

INFORMAL PROCEDURE RELATING TO THE

7

## RECOMMENDATION OF ENFORCEMENT PROCEEDINGS

As a result of facts gathered in an investigation, the Division of Enforcement may decide to propose an enforcement action against one or more individuals. Under the Informal Procedure Relating to the Recommendation of Enforcement Proceedings,[6] the Division of Enforcement, in its discretion, may inform persons to be named in such actions of the nature of the allegations pertaining to them. The Division may also, in its discretion, advise such persons that they may submit a written statement before the consideration by the Commission of any staff recommendation for the commencement of the proceeding. Unless otherwise provided, such written statements must be submitted within 14 days after persons are informed by the Division of Enforcement of the nature of the allegations pertaining to them.

## SMALL BUSINESS REGULATORY AND ENFORCEMENT FAIRNESS ACT

Your comments are important. If you wish to comment on the enforcement or regulatory actions of the Commodity Futures Trading Commission, please call the Small Business Liaison in the Office of General Counsel at (202) 418-5120. You may also wish to contact the Small Business and Agriculture Regulatory Enforcement Ombudsman, or one of the 10 Regional Fairness Boards, which were established by the Small Business Regulatory and Enforcement Fairness Act. The Ombudsman and Boards receive comments from small businesses about federal agency enforcement actions. The Ombudsman will annually evaluate the enforcement activities and rate each agency's responsiveness to small business. If you wish to contact the Ombudsman to comment on the enforcement actions of the CFTC, please call 1-888-REG-FAIR (1-888-734-3247).

---

[6] The Informal Procedure has been adopted as Appendix A to Part 11 of the Commission's Regulations, 17 C.F.R. Part 11, Appendix A. Appendix A more fully sets forth the substantive and procedural provisions of the Informal Procedure.

8

Exhibit B
Order Of Investigation and Amendment

FILED

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES OF AMERICA
## Before the
## COMMODITY FUTURES TRADING COMMISSION

| | |
|---|---|
| In the Matter of | ) ORDER DESIGNATING PERSONS |
| | ) AS OFFICERS TO ISSUE SUBPOENAS |
| Certain Persons Engaging in Retail | ) AND TAKE TESTIMONY IN A |
| Foreign Currency Transactions | ) PRIVATE INVESTIGATION |
| | ) |
| | ) |

Pursuant to Sections 6(c) and 8(a) of the Commodity Exchange Act as amended

("Act"), 7 U.S.C. §§15 and 12(a) (1994), as amended by the Commodity Futures

Modernization Act of 2000, Appendix __ of Pub. L. No. 106-554 (2000) (to be codified

as amended in scattered sections of 7 U.S.C.), the Commodity Futures Trading

Commission ("the Commission") hereby:

DESIGNATES  Lawrence Norton, Vincent McGonagle, Jodi Siff, Mary

Kaminski, Natonne Kemp, Michael Lee, Katrina Poplawski, Charles Ricci, Brenda

Washington, David Reed, Lloyd Friesen, Peter Haas, Richard Foelber, Joan Manley,

Steve Humenik, Terry Montgomery, Christine Ryall, Richard Wagner, Matthew Elkan,

Richard Glaser, Paul Hayeck, John Dunfee, Michael Jones, Karen Kenmotsu, Lenora Kay

Majors-Guy, Leanna Morris, Jason Gizzarelli, Eugene Smith, Joseph Vargyas, Susan B.

Bovee, Alan I. Edelman, W. Derek Shakapba, Magdalena Wegner, Patricia Tierney

Schiller, Maura Viehmeyer, Michael Solinsky, Thomas Kelly, Julie Reiley, Wendy

Woods, Heather Capell, Bernard John Barrett, Louis Traeger, Edwin Yoshimura, Faye

Chen Barnouw, Jay Miller, Myrna Morganstern, Barbara Chun, James R. Andreozzi,

Bruce Gale, Deborah Boone, Charles J. Sgro, Andrew Cunningham, Eliud Ramirez,

Lenel Hickson, Beth R. Morgenstern, David Acevedo, Karl Cooper, Ilana Matteson,

Stephen Obie, Linda Peng, Steven Ringer, Karin Roth, James Sanders, Manal Sultan, Nathan Wager, Ron Wolf, John Cipriani, Phil Rix, Michael McLaughlin, Angela Bella, Juan Monserrate, Elizabeth Brennan, John Wise, Susan A. Berkowitz, Rosemary Hollinger, Robert J. Greenwald, Elizabeth Streit, Joyce A. Orliss, William P. Janulis, Susan B. Padove, Barbara A. Schmidt, David A. Terrell, Mark H. Bretscher, Scott R. Williamson, Camille M. Arnold, Diane Romaniuk, Susan Gradman, Darlene Oliver, David Oppenheim, Charlotte A. Ohlmiller, Michael Tallarico, Hugh J. Rooney, Donald G. Nash, Merle Kenneth Hampton, Michael J. Sobczyk, Frank D. Ferrara, Mary E. Spear, Ralph S. DerAsadourian, William Heitner, Robert Schmaus, Thomas J. Koprowski and Judith Mahady, each of them employees of the Commission, as officers to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records or tangible things deemed relevant or material to the investigation being conducted pursuant to Sections 6(c) and 8(a) of the Act to determine whether, in connection with agreements, contracts or transactions in retail foreign currency futures or commodity options ("forex") with members of the retail public, any person has engaged, is engaging or is about to engage in acts or practices in violation of Sections 4(a), 4b(a) or 4c(b) of the Act, 7 U.S.C. §§6(a), 6b(a), 6c(b) (1994), as amended by the Commodity Futures Modernization Act of 2000, Appendix __ of Pub. L. No. 106-554 (2000) (to be codified as amended in scattered sections of 7 U.S.C.), or §§ 32.9 or 33.10 of the Commission Regulations, 17 C.F.R. §§32.9 or 33.10, or any other provisions of the Act or the Commission's Regulations which come to the attention of Commission staff during the course of this investigation.

By the Commission

*Jean A Webb*

Jean A. Webb
Secretary of the Commission
Commodity Futures Trading Commission

Date:   January 26, 2001

**UNITED STATES OF AMERICA**
Before the
**COMMODITY FUTURES TRADING COMMISSION**

| | |
|---|---|
| In the Matter of: ) | AMENDMENT TO ORDER DESIGNATING |
| ) | OFFICERS TO ISSUE SUBPOENAS |
| Certain Persons Engaging in ) | AND TAKE TESTIMONY IN A |
| Retail Foreign Currency Transactions ) | PRIVATE INVESTIGATION |
| ) | |
| ) | |

Pursuant to the Authority vested in the Director, Deputy Directors, Associate Directors

and Regional Counsels of the Division of Enforcement ("Division") under Regulation 11.2(b),

17 C.F.R. § 11.2 (b) (2000), the January 26, 2001 Order Designating Persons as Officers in the

above-captioned investigation is hereby amended to designate the following as officers:

Gregory G. Mocek, Vincent McGonagle, Joan Manley, Richard Wagner, Paul
Hayeck, Richard Glaser, Daniel A. Nathan, Gretchen Lowe, Judith Hutchison,
Phyllis J. Cela, Edward Riccobene, William Hoar, James Garcia and Mary
Kaminski, Charles Ricci, Lael Campbell, Robert Hildum, Laura Gardy, Kim
Bruno, David Reed, Peter Haas, Richard Foelber, Terry Montgomery, Christine
Ryall, Elizabeth Padgett, Erin Vespe, Kyong Koh, Kevin Batteh, Trabue Bland,
Lacey Dingman, William Longwitz, Rachel Entman, James Holl, Anthony
Mansfield, Judy T. Lee, Allison Lurton, Michael Otten, Anne Termine, Jan
Folena, Jed Silversmith, Michael Amakor, Tracey Wingate, Burke Wong,
William Small, Kara Mucha, Daniel Jordan, Luke Marsh, Glenn Chernigoff,
Matthew Elkan, Mary Hinton, Frank Rangoussis, John Dunfee, Michael Jones,
Jason Gizzarelli, Eugene Smith, Joseph Vargyas, T. W. Grant Collins, Susan B.
Bovee, Alan I. Edelman, Kathleen Banar, Joseph Konizeski, Timothy Mulreany,
Patricia Tierney Gomersall, Maura Viehmeyer, Michael Solinsky, Dennese Posey,
Thomas Kelly, Wendy Woods, Ted Dowd, Stephen Obie, John Wise, W. Derek
Shakapba, Eliud Ramirez, Lenel Hickson, David Acevedo, Linda Peng, Steven
Ringer, Karin Roth, Greg Compa, Sheila Marhamati, Manal Sultan, John Cipriani,
David Oakland, Nathan Ploener, Phil Rix, Michael McLaughlin, Stephen R.
Morris, Nancy L. Gogel, Judith Slowly, David MacGregor, Joseph Rosenberg,
Michael Berlowitz, Elizabeth Brennan, Ava M. Gould, Rosemary Hollinger,
Edwin Yoshimura, Robert J. Greenwald, Louis Traeger, Elizabeth Streit, William
P. Janulis, Susan B. Padove, David A. Terrell, Mark H. Bretscher, Scott R.
Williamson, Camille M. Arnold, Diane Romaniuk, Cynthia Cannon, Venice
Bickham, Susan Gradman, Charlotte A. Ohlmiller, Michael Tallarico, Hugh J.
Rooney, Donald G. Nash, Joy McCormack, Merle Kenneth Hampton, Frank D.

Ferrara, Mary E. Spear,  Ralph S. DerAsadourian, William Heitner, Thomas J.
Koprowski, Judith McCorkle, Jennifer Smrstik Diamond, Rocell J. Cyrus,
Vincent Johnson, Susan Berkowitz, Charles Marvine, Kenneth McCracken,
Rachel Hayes, Jeff Le Richie, Jo Mettenburg, each of them are employees of the
Commission, as officers to administer oaths and affirmations, subpoena witnesses,
compel their attendance, take evidence, and require the production of any books,
papers, correspondence, memoranda, or other records or tangible things deemed
relevant or material to the investigation being conducted.

Dated: November 21, 2005

Gregory G. Mocek
Director
Division of Enforcement
Commodity Futures Trading Commission

2

# Exhibit C
# Taylor Extension Request

FILED

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



ASPEN
PEAK FUND
Aspen Peak Fund

Kevin Batteh
Trial Attorney
CFTC
1155 21st Street N.W.
Washington, D.C. 20581
**Date 10/12/06**

Aspen Peak Fund
P.O. Box 13344
Denver Colorado 80201
**T** 720.837.6105
david@aspenpeakfund.com
www.aspenpeakfund.com

Dear Kevin,

Per our conversation yesterday, I am requesting an extension of the documents delivery date
to the 26th of October with an extension of the appearance to the 2nd of November.  Please
send me an amended cover letter in response to this.

Sincerely yours,


David Taylor

# Exhibit D
## Commission Letter Granting Extension Request

FILED

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT






# U.S. COMMODITY FUTURES TRADING COMMISSION

Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523

Division of
Enforcement

October 12, 2006

**VIA E-MAIL**
David Andrew Taylor
616 14th St. 4B
Denver, CO 80202

Re:    Aspen Peak Fund Subpoena Duces Tecum / Ad Testificandum

Dear Mr. Taylor:

As per our telephone conversation yesterday afternoon and per your letter request bearing today's date, this will serve to confirm our agreement to extend the time for response to the above referenced US Commodity Futures Trading Commission subpoena.

Pursuant to our agreement the time for production of documents required by the subpoena shall be extended until 5:00 p.m. October 26, 2006 and the date for your testimony shall be moved to 10:00 a.m. on November 2, 2006.  If you have questions about this please contact me or if you have retained an attorney, please have your attorney contact me.

Sincerely,

*Kevin Batteh*

Kevin K. Batteh
Trial Attorney
Division of Enforcement

# Exhibit E
## Letter From Taylor's Counsel

FILED

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DISTRICT COURT

# THOMAS F. BURKE, P.C.
## LAW OFFICE OF THOMAS F. BURKE
### 53 West Jackson Boulevard
#### Suite 1441
#### Chicago, Illinois 60604
Telephone (312) 362-1300/ Facsimile (312) 362-1301

Kevin K. Batteh, Trial Attorney
Commodity Futures Trading Commission
Three Lafayette Centre
1155 Twenty-first Street, NW
Washington, D.C. 20581                        November 3, 2006

      Re: David Andrew Taylor

Dear Mr. Batteh:

      As per our conversation earlier this week, I am representing David Andrew Taylor, who received a Subpoena Duces Tecum/Ad Testificandum from your office. I have spoken to my client, who informs me that the hedge fund for which he trades has never made any trades on any U.S. futures exchange. All trades for the hedge fund were foreign exchange trades. None of the trades were placed through U.S. futures exchanges. As you are well aware, the U. S. Court of Appeals for the Seventh Circuit affirmed Judge Kennelly's holding that speculative transactions in foreign currency are not contracts of sale of a commodity for future delivery regulated by the CFTC. Therefore, you have no jurisdiction to enforce the subpoena.

      Furthermore, my client has informed me that you are contacting his clients in an effort to discover information about my client and his trading. Since you do not have jurisdiction over my client or his hedge fund, I am demanding that you cease contacting his clients.

      Feel free to contact me if you have any questions or wish to discuss this matter further.

                            Sincerely,

                            Thomas F. Burke

Cc: D. Taylor

Exhibit F
Division Reply to Letter
From Taylor's Counsel

FILED

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5636
Facsimile: (202) 418-5523

Division of
Enforcement

November 6, 2006

**VIA MAIL AND**
**FACSIMILE (312) 362-1301**
Thomas F. Burke, Esq
53 West Jackson Boulevard
Suite 1441
Chicago, Illinois 60604

Re:     Aspen Peak Fund -- Subpoena Duces Tecum / Ad Testificandum

Dear Mr. Burke:

I write in response to your letter of November 3, 2006. Your client has been served with
a duly issued subpoena. While I appreciate your concerns as to possible jurisdictional
issues, as I stated in our telephone conversation Friday evening, such concerns are not
relevant to the enforceability of the subpoena. See *CFTC v. Tokheim*, 153 F.3d 474,
Comm. Fut. L. Rep. P 27, 377 (7th Cir. 1998).

The Commodity Futures Trading Commission may issue a subpoena in order to
determine if there has been a violation of the Commodity Exchange Act and assertions
that your clients conduct does not fall within the ambit of the Act do not excuse
compliance with a Commission subpoena.

Pursuant to a previous extension granted to Mr. Taylor, he was to produce documents
required by the subpoena on or before October 26, 2006 and appear for testimony on
November 2, 2006. When we spoke at the beginning of the week I orally agreed to
refrain from initiating a subpoena enforcement proceeding because you indicated that you
would be working with Mr. Taylor to respond to the subpoena. Based on your response,
I intend to proceed with a subpoena enforcement action filed in the Federal District Court
for the District of Columbia. Please contact me if you have any questions.

Sincerely,

Kevin Batteh

Kevin K. Batteh
Trial Attorney
Division of Enforcement

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to<br>Enforce an Administrative Subpoena of the<br><br>U.S. Commodity Futures Trading Commission<br>1155 21st Street, NW<br>Washington, D.C.  20581,<br><br>Applicant,<br><br>v.<br><br>David Helm Taylor a.k.a. David Andrew Taylor<br>616 14th St. 4B<br>Denver, CO 80202<br><br>Respondent. | )<br>)<br>)   Misc. Action Number:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER TO SHOW CAUSE**

Applicant Commodity Futures Trading Commission (the "Commission"), having filed an

Application pursuant to Section 6(c) of the Commodity Exchange Act (the "Act"), as amended, 7

U.S.C. §§ 1 *et seq.* (2000), for An Order to Show Cause and Order Requiring Compliance with

an Administrative Subpoena *duces tecum / ad testificandum* issued to David Helm Taylor a.k.a.

David Andrew Taylor ("Taylor") on September 28, 2006, accompanied by a Memorandum of

Points and Authorities, the Declaration of Kevin K. Batteh, a proposed Order to Show Cause,

and a proposed Order Requiring Compliance with the Administrative Subpoenas, and the Court

having considered said Application and supporting papers, and good cause being shown, it is

hereby:

ORDERED, that the respondent, Taylor, appear before Judge _____ of

the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W.,

Washington, D.C., on _____, 200__ at _____ o'clock __.m. in courtroom

_____, and show cause, if there be any, why he should not be ordered by this Court to appear

and produce documents and testify as required by the *subpoena duces tecum/ad testificandum* to

Taylor dated September 28, 2006, issued and duly served on him by the Commission.

IT IS FURTHER ORDERED that:

The Clerk shall serve copies of this Order on all parties by Unites States Mail.

SO ORDERED.


_____
United States District Judge

Dated: _____


SERVICE LIST
KEVIN K. BATTEH,
Senior Trial Attorney
JAMES H. HOLL, III,
Chief Trial Attorney
U.S. Commodity Futures Trading
Commission
1155 21st St. N.W.
Washington, D.C. 20581

Thomas F. Burke, Esq
53 West Jackson Boulevard
Suite 1441
Chicago, Illinois 60604
Counsel for Respondent
David Andrew Taylor

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to )<br>Enforce an Administrative Subpoena of the )<br>)<br>U.S. Commodity Futures Trading Commission )<br>)<br>Applicant, )<br>)<br>v. )<br>)<br>David Helm Taylor a.k.a. David Andrew Taylor )<br>)<br>Respondent. )<br>)<br>) | Misc. Action Number: |

## ORDER REQUIRING COMPLIANCE WITH THE ADMINISTRATIVE SUBPOENAS

Upon the Application of the Commodity Futures Trading Commission (the "Commission") made pursuant to Section 6(c) of the Commodity Exchange Act (the "Act"), as amended, 7 U.S.C. §§ 1 *et seq.* (2000), for an Order requiring respondent David Helm Taylor a.k.a. David Andrew Taylor ("Taylor") to produce documents and provide testimony in connection with a private investigation entitled "In the Matter of Certain Persons Engaging in Retail Foreign Currency Transactions" in accordance with the *subpoena duces tecum/ad testificandum* dated September 28, 2006 duly issued and served by the Commission's Division of Enforcement ("Division") upon Taylor, and it appearing to the Court from the Application for an Order Requiring Compliance with the Administrative Subpoenas, all papers filed in support thereof, and, in response thereto, if any, and the hearing in this matter, held on _____, 2006, that Taylor has failed to appear and produce documents and provide testimony without good cause.  Therefore, it is hereby:

ORDERED, that the Application of the Commission for an Order Requiring Compliance with the Administrative Subpoenas is hereby granted.

IT IS FURTHER ORDERED that:

Respondent shall appear and produce documents and give testimony at the offices of the U.S. Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581 on _____, 200_ at _____, and continuing from day to day until completed, and;

IT IS FURTHER ORDERED that:

The Clerk shall serve copies of this Order on all parties by Unites States Mail.

SO ORDERED.

_____
United States District Judge

Dated: _____

SERVICE LIST
KEVIN K. BATTEH,
Senior Trial Attorney
JAMES H. HOLL, III,
Chief Trial Attorney
U.S. Commodity Futures Trading
Commission
1155 21st St. N.W.
Washington, D.C. 20581

Thomas F. Burke, Esq
53 West Jackson Boulevard
Suite 1441
Chicago, Illinois 60604
Counsel for Respondent
David Andrew Taylor